**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Margie Kay Lonnie**, a single woman; **James Fred**, a single man; **Kyarra Humehoynewa**, a minor, by and through her natural grandparent and next friend, James Fred; **Oriah Humehoynewa**, a minor, by and through her natural grandparent and next friend, James Fred,<br><br>        Plaintiffs,<br><br>vs.<br><br>**The United States of America**; **United States Department of Interior**; **Bureau of Indian Affairs**; **Ronald Cody**, a single man,<br><br>        Defendants. | No. CV 06-2881-PCT-EHC<br><br>**ORDER** |

    The survivors of persons killed in an automobile accident brought this wrongful death action, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*. Ronald Cody, the driver of a Bureau of Indian Affairs pickup truck, Ross Selestewa, a passenger in the truck, and Olivia Fred, the driver of a Mazda SUV, were killed in a head on collision. The Plaintiffs are Margie Lonnie, the surviving mother of Ross Selestewa, James Fred, the surviving father of Olivia Fred, and Kyarra and Oriah Humehoynewa, the surviving children of Olivia Fred. The Defendants are Ronald Cody, the United States of America, and two government agencies, the Department of Interior and Bureau of Indian Affairs.

Plaintiffs allege that Ronald Cody, who was driving a Bureau of Indian Affairs ("BIA") Dodge truck with Ross Selestewa as a passenger, caused the accident when he negligently crossed the center line into the westbound lane and collided with Olivia Fred's Mazda SUV. Plaintiffs further allege that the Defendants are liable, under the FTCA, because Ronald Cody, a BIA employee, was acting within the scope of his employment at the time of the accident. Defendants argue that Cody was not negligent, and Olivia Fred's vehicle crossed the center line into the eastbound lane. Defendants do not dispute that Cody was a BIA employee and acting within the scope of his employment. The primary issue before the Court is whether Ronald Cody crossed the center line and was negligent in his operation of the BIA truck. A bench trial was held on August 5 and 6, 2008 in Prescott, Arizona. (Dkts. 50 & 51.)

**I.    Bench Trial**

    **A.    Plaintiff's Evidence**

At trial, Plaintiffs presented the testimony of three accident witnesses, Lucinda Taylor, Kevin Pochoema, and Twila Pochoema. Plaintiffs also presented the testimony of two Plaintiffs, Margie Lonnie and James Fred. Plaintiffs also presented the testimony of an accident reconstruction expert, Robert Anderson.

        **1.    Accident Witnesses**

Lucinda Taylor testified that she was driving in the first vehicle behind Olivia Fred's Mazda SUV. (Dkt. 50 – Day 1 Trial Transcript at 10.) Twila Pochoema testified that she was driving with her husband Kevin Pochoema in their pickup truck behind Lucinda Taylor and the Mazda SUV.[1] Although the Pochoemas testified that they were traveling relatively

---

[1] Kevin testified that there was two vehicles between them and the Mazda SUV, although Twila testified that there was only one car between them and the Mazda. (Id. at 32, 46.)

- 2 -

1  close to the Mazda SUV prior to the accident, Twila testified that she was able to stop their
2  truck without hitting any other vehicles.[2]  (Id. at 54.)

3  Lucinda Taylor estimated the Mazda SUV was traveling 40 mph (Id. at 14.), Kevin
4  Pochoema estimated the Mazda SUV was traveling 30 to 35 mph (Id. at 52-53.), and Twila
5  Pochoema estimated both vehicles were traveling 40 to 50 mph (Id. at 31).

6  Lucinda Taylor and the Pochoemas testified that Fred's Mazda SUV did not cross the
7  center line and the accident occurred in the westbound lane.  (Id. at 20, 34, 48.)  Ms. Taylor
8  stated that she was two car lengths behind the Mazda SUV when a white truck "made a quick
9  swerve turn in front of [the Mazda SUV]" in the westbound lane and "hit the green SUV in
10 the side."  (Id. at 11, 20, 25.)  Kevin Pochoema stated that the white truck "just turned all of
11 a sudden real quick" into the Mazda SUV.  (Id. at 33, 40.)  Twila Pochoema stated that the
12 white truck "turned all of the sudden right into" the Mazda SUV and the right front corner
13 of the white truck collided with the front of the SUV.  (Id. at 50, 54.)  The Pochoema's also
14 testified that when the vehicles collided they went up into the air.  (Id. at 35, 42, 53.)

15 Plaintiffs also submitted, as part of the accident report, the statement of Edythe
16 Thomas, who was also driving westbound behind the Mazda SUV.  Ms. Thomas' statement
17 says that "a white truck crossed over the middle of the highway & hit the vehicle which was
18 directly in front of us;" however, she did not appear and testify at trial. (Id. at 147-48 and
19 Plaintiff's Exhibit 1.)

20 **2.    Plaintiffs Margie Lonnie and James Fred**

21 Plaintiff's Margie Lonnie and James Fred testified about the lives of their children,
22 Ross Selestewa and Olivia Fred.  They also testified about the loss of their children and its
23 affect on the lives of their families.  (Id. at 56 – 75.)
24 / / /
25 ───────────

26  [2]Kevin Pochoema testified that they were approximately 50 feet behind the Mazda
   SUV, and Twila testified that they were two car lengths behind the Mazda SUV.  (Id. at 40,
27 52.)
28
- 3 -

### 3. Plaintiffs' Accident Reconstruction Expert

Plaintiffs' accident reconstruction expert, Robert Anderson, testified that in his opinion "the Mazda was traveling in the westbound lane when the Dodge suddenly moved into the lane as well and caught it head on." (Dkt. 52 – Day 2 Trial Transcript at 93.) In reaching this conclusion, Anderson reviewed the statements of the witnesses, accident photographs, police accident report, and accident reconstruction report. (Id. at 88.) Anderson never visited the accident scene. (Id. at 135.) Anderson's opinion relies upon the testimony of the witnesses and the large amount of liquid, seen in the accident pictures, on the westbound lane. Anderson also testified that the evidence at the accident scene was inconsistent with the BIA truck turning sharply into the Mazda SUV. (Id. at 136-38.) Anderson further testified that falling debris from the accident could have caused the gouge marks in the eastbound lane. (See id. at 105-06.) He also estimated that the Mazda SUV was traveling 45 mph and the BIA truck was traveling 55 mph. (Id. at 91, 102).

### B. Defendants' Evidence

After Plaintiffs rested, Defendants called BIA Special Agent William Coochyouma, who investigated the accident, and Hopi Police Officer Albert Goldtooth, who was one of the first officers on the scene. Defendants also called Arizona Department of Public Safety Sergeant Otto Walters, who investigated and performed a reconstruction of the accident, and Toby Gloekler, a collision reconstruction expert.

### 1. Investigating Officers

William Coochyouma, a Special Agent with the Bureau of Indian Affairs, testified that he responded to the accident, coordinated the actions of the different law enforcement agencies at the accident scene, and requested an accident reconstructionist because of the fatalities. (Id. at 154, 165.) Agent Coochyouma testified that it was very windy on the day of the accident and the accident occurred on a slight curve in the road. (Id. at 153, 167.)

Hopi Police Officer Albert Goldtooth testified that he was one of the first law enforcement officers on the scene, he arrived about ten minutes after he received the call, he

1  blocked off the accident scene and called for extra support. (Id. at 176.) He found the driver
2  of the Mazda SUV deceased and the driver and passenger in the BIA truck trapped inside the
3  truck. (Id. at 176-78.) The driver and passenger of the BIA truck were dead when removed
4  from the vehicle. Officer Goldtooth further testified that there were gouge marks, in the
5  eastbound lane, that were more than half an inch deep. (Id. at 207.) He testified that he
6  believed the gouges indicated the point of impact of the vehicles. (Id. at 203.) Officer
7  Goldtooth also testified that there were "strong winds" on the day of the accident and the
8  accident occurred at a slight curve in the road. (Id. at 175-76.)

### 2. Police Accident Reconstructionist

Sergeant Otto Walters of the Arizona Department of Public Safety testified that he was called to the scene and asked by Officer Goldtooth to determine which vehicle went "left of center" on the roadway. (Id. at 219.) Sergeant Walters testified that he is trained and experienced in accident reconstruction. (Id. at 215.) Officer Walters testified that the Mazda SUV was "traveling westbound in the eastbound lane" and "it looked like the Dodge pickup had seen the hazard coming toward him, and he made an attempt to turn – or steer to the left at the last moment, but not at a great enough force to where he jerked the wheel or at a great enough degree where he left some sort of scuffing mark on the highway." (Id. at 234-35.)

Officer Walters concluded that the accident occurred in the eastbound lane, based upon the gouge marks in the eastbound lane. (Id. at 227.) Officer Walters explained that the collision forced the vehicles down into the roadway causing the gouge marks. (Id. at 227-28.) He further explained that the gouge marks did not continue to the resting positions of the vehicles because the vehicles would have rebounded off the roadway after their maximum crush points. (Id. at 251.) He further testified that it was unlikely that the gouge marks were caused by falling debris and it is his experience that gouge marks usually indicate where the collision occurred. (Id. at 227-28.)

Officer Walters also testified that it was windy on the day of the accident. (Id. at 221.) He estimated that the Mazda SUV was traveling 57 to 65 mph and the BIA truck was

1 traveling 42 to 50 mph; however, he determined that speed was not a relative factor in the
2 accident. (Id. at 235.) (Id. at 236) He also explained that, heading west, there is a long
3 gradual curve to the right and a three percent downgrade on State Route 264, where the
4 accident occurred. (Id. at 223.)

### 3. Defendants' Accident Reconstruction Expert

Defendants' reconstruction expert, Toby Gloekler, is a civil and structural engineer specializing in collision reconstruction. (Id. at 253-55.) Gloekler reviewed Officer Walters' accident reconstruction report, the traffic collision report, the witnesses statements and depositions, and photographs of the accident scene. (Id. at 256.) He concluded that "the collision between the two vehicles occurred within the eastbound lane, or within the Dodge pickup truck's lane of travel." (Id. at 256.) Gloekler based his conclusion upon "at least nine different aspects of physical evidence found on the roadway at the collision scene." (Id. at 258.) He noted, among other things, a dark fluid spot, dirt clods, and gouge marks in the eastbound lane and the location of other debris from the accident. (Id. at 261-66.) Gloekler supported his opinions and conclusion with references to physical evidence displayed in the photographs of the accident scene. (See, e.g., id. at 270-72.)

## II. Findings of Fact and Conclusions of Law

After the trial, the parties filed post-trial closing memoranda. (Dkts. 54 & 59.) Defendants also filed Objections to Plaintiffs' Post-Trial Memorandum and Attachments, and Plaintiffs filed a Response. (Dkts. 60 & 61.) The parties did not file proposed findings of fact and conclusions of law prior to the trial, as directed by the Court's Scheduling Order. (See Dkt. 15.)

The Court has considered the testimony of the parties' witnesses, the parties' exhibits, and the parties' arguments and objections. The Court finds that the evidence submitted at the trial supports judgment for the Defendants. The Court now enters its Finding of Fact and Conclusions of Law, pursuant to Federal Rule of Civil Procedure 52(a).

///

**A.     Findings of Fact**

1. On May 19, 2004, Ronald Cody and Ross Selestewa were traveling eastbound on State Route 264, on the Hopi Reservation, in a white, 1998 Dodge truck ("BIA truck"), owned by the Bureau of Indian Affairs. (Dkt. 1 – Compl. ¶ 12.) Cody was driving the BIA truck and Selestewa was a passenger. (Id.)

2. At the same time, Olivia Fred was driving a green, 1993 Mazda Navajo sport utility vehicle ("Mazda SUV") westbound on State Route 264. (Id. at ¶ 13.)

3. At approximately 2:10 p.m., the BIA truck and Mazda SUV collided head on, near Hotevilla, Arizona at milepost 368, on State Route 264. (Dkt. 32 – Joint Proposed Pretrial Order at 4.)

4. There is a slight curve and slight decline in the road heading westbound, on State Route 264, at milepost 368. (Dkt. 52 at 221-23.)

5. At the time of the accident, Ronald Cody was a BIA employee and acting within the scope of his employment. (Dkt. 32 at 4.)

6. Although there was conflicting testimony, both vehicles were likely traveling near the speed limit at about 50 mph, at the time of the accident. The vehicles' speed, however, was not a relative factor in the accident. (Dkt. 52. at 235.)

7. The collision occurred suddenly in less than two seconds. (Id. at 251.)

8. After the vehicles collided, they rebounded up into the air, and miscellaneous debris from the vehicles fell on the road. (Dkt. 50 at 12, 35, 42, 53.)

9. The vehicles came to rest in the westbound lane. The BIA truck was in the westbound lane, facing east. (See Trial Exh. 2 – Accident Photographs.) The Mazda SUV was almost perpendicular to the BIA truck, straddling the east and west bound lanes, with the rear in the eastbound lane. (Id.) The BIA truck, however, did not enter the westbound lane, until after the vehicles collided.

10. After the vehicles came to a rest, there were various liquids and debris scattered underneath and around the vehicles. (Id.)

1    11. Olivia Fred, Ross Selestewa, and Ronald Cody died in the resulting accident.
2 (Dkt. 32 – Joint Proposed Pretrial Order at 4.)

3    12. Lucinda Taylor, Twila Pochoema, Kevin Pochoema, and Edythe Thompson were
4 traveling westbound on State Route 264 behind the Mazda SUV. Lucinda Taylor was in the
5 first vehicle behind the Mazda SUV, and Twila and Kevin Pochoema were behind Ms.
6 Taylor. (Dkt. 50 at 10, 32, 46.) Edythe Thompson was also traveling with a couple of
7 passengers in a car behind the Pochoemas. (See Dkt. 52 at 147-48.)

8    13. The Court finds that Lucinda Taylor, Twila Pochoema, and Kevin Pochoema's
9 testimonies are inconsistent and not entirely reliable. Many of their statements are not
10 supported by the physical evidence from the accident. (See id. at 284.) For example, the
11 Pochoema's testified that the BIA truck turned sharply into the Mazda, although the accident
12 reconstructionist and Plaintiffs' expert testified that there was no evidence that either vehicle
13 made a sharp turn prior to the accident. (See id. at 136-38, 250, 285.) There was no
14 evidence that the individuals in the BIA truck were eating prior to the accident, although
15 Kevin Pochoema testified that he saw them eating just before the accident. (See Dkt. 50 at
16 34, 41-42.) Ms. Taylor and the Pochoemas also testified that the weather was "calm and
17 sunny" (Id. at 22, 39, 51); however, the Officers on the scene after the accident testified that
18 it was very windy on the day of the accident. (Dkt. 52 at 152, 175, 221.) Toby Gloekler,
19 Defendant's expert witness, explained that these witnesses likely concluded that the collision
20 occurred in the westbound lane because the accident happened suddenly and the vehicles
21 came to rest after the collision in the westbound lane. (Id. at 274-75.)

22    14. Hopi Police Officer Albert Goldtooth was one of the first law enforcement
23 officers on the scene. He blocked off the accident scene and called for extra support. (Id.
24 at 176.) He found the driver of the Mazda SUV, Olivia Fred, deceased and the driver and
25 passenger in the BIA truck trapped inside the truck. (Id. at 176-78.) The individuals in the
26 BIA truck, Ronald Cody and Ross Selestewa, died after Officer Goldtooth appeared on the
27 scene. (Id. at 179-80.)

28
- 8 -

15. William Coochyouma, a Special Agent with the Bureau of Indian Affairs, responded to the accident and coordinated the actions of the different law enforcement agencies at the accident scene. (Id. at 165.)

16. Sergeant Otto Walters of the Arizona Department of Public Safety was asked by Officer Goldtooth to determine which vehicle crossed the center line. (Id. at 219.) Officer Walters concluded that based upon the gouge marks in the road that the accident occurred in the eastbound lane. (Id. at 227.) The Court finds Officer Walters' testimony persuasive because he observed the accident scene shortly after the collision, based his opinion upon the physical evidence he observed, and was there to determine where the accident occurred..

17. The Court further finds the testimony of Defendants' expert, Toby Gloekler, more credible than the testimony of Plaintiffs' expert, Robert Anderson. Defendants' expert supported his opinions and conclusion persuasively with references to specific physical evidence identified in the accident report or accident photographs. Plaintiffs' expert, on the other hand, was not as persuasive and was unable to adequately support his conclusions. For example, Anderson was unable to support his conclusion regarding the cause of the gouge marks in the eastbound lane. He claimed that the gouge marks could have been caused by falling debris from the accident; however, there was no evidence presented that showed specifically what debris may have caused the gouges, and the accident pictures do not show any debris near the gouges. (See id. at 105-06.)

18. Based upon the physical evidence, the testimony of the investigating officers and reconstructionist, and the testimony of Defendants' accident reconstructionist, the Court finds that it is more likely that the Fred's Mazda SUV drifted into the eastbound lane as it was going down the curve in the road and caused the accident in the eastbound lane.

19. There were gouge marks in the eastbound lane, indicating where the vehicles collided. (Id. at 203, 269.) There is no competent evidence that these gouge marks were caused from falling debris. In addition, there were dirt clods, dislodged from the truck, and

a dark liquid spot in the eastbound lane, also indicating where the vehicles collided. (Id. at 266.)

20. The wind, on the day of the accident, or a few seconds of inattention may have caused the Mazda SUV to drift into the eastbound lane. (See id. at 221.)

21. The tragic deaths of Ms. Fred and Mr. Selestewa have had a lasting impact on their families.

**B.     Conclusions of Law**

22. This Court has jurisdiction over this action, pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1346(b), and the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*.

23. Venue is proper in this district, under 28 U.S.C. § 1402(b), because the act complained of occurred in Arizona.

24. Under the FTCA, the United States may be held liable "for money damages for injury or loss of property, or personal injury caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

25. The Defendants' liability, under the FTCA, is determined in accordance with the law of the state where the allegedly negligent act occurred. Richards v. United States, 369 U.S. 1, 9-10 (1962); Miller v. United States, 945 F.2d 1464, 1466 (9th Cir. 1991).

26. The Plaintiff must prove the traditional elements of negligence: (1) a legal duty of the Defendant to conform to a standard of conduct recognized by Arizona law for the protection of others against unreasonable risk; (2) the failure of the Defendant to conform to the required standard; (3) a reasonably close causal connection between the Defendant's conduct and the resulting injury to Plaintiff (proximate cause); and (4) actual loss by or damage to the Plaintiff. Ontiverros v. Borak, 667 P.2d 200, 204 (Ariz. 1983) (quoting W.

Prosser, HANDBOOK OF THE LAW OF TORTS § 30 at 143 (4th ed. 1971)); Boyle v. City of Phoenix, 563 P.2d 905, 906 (Ariz. 1977).

27. The Court, having reviewed the record, finds Plaintiffs failed to prove by a preponderance of the evidence that Ronald Cody did not conform to a standard of conduct recognized by Arizona law for the protection of others against unreasonable risks. According to the evidence presented at trial, it appears more likely that the Olivia Fred's Mazda SUV crossed the center line and collided with the BIA truck in the eastbound lane, causing the accident.

28. The Court concludes that Ronald Cody was not negligent and the Defendants are not liable under the FTCA.

Accordingly,

**IT IS ORDERED** that Defendants are not liable to Plaintiffs, under the Federal Torts Claim Act, and the Plaintiffs take nothing against Defendants.

**IT IS FURTHER ORDERED** that judgment be entered against Plaintiffs, according to this Order.

DATED this 10th day of December, 2008.

*[signature: Earl H. Carroll]*
Earl H. Carroll
United States District Judge